UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES DARREN CRAWFORD,

    Plaintiff,

v.

JEFFREY BEARD, et al.,

    Defendants.

No. C 14-5578 MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a California state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff claims that staff and officials at PBSP withheld and confiscated his incoming and outgoing mail in order to obstruct his correspondence with the media and various prison activist groups. In his complaint, he sets forth five categories of claims.

**1.     First Amendment Right to Send and Receive Mail**

Plaintiff sets forth numerous claims in which he alleges that staff and officials at PBSP violated his First Amendment right to free speech by interfering with his mail.

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987). The Turner standard applies to regulations and practices concerning all correspondence between

1 prisoners and to regulations concerning incoming mail received by prisoners from non-
2 prisoners. See Thornburgh, 490 U.S. at 413.

3 In the case of outgoing correspondence from prisoners to non-prisoners, however, an
4 exception to the Turner standard applies. Because outgoing correspondence from prisoners
5 does not, by its very nature, pose a serious threat to internal prison order and security, there
6 must be a closer fit between any regulation or practice affecting such correspondence and the
7 purpose it purports to serve. See id. at 411-12. Censorship in such instances is justified only
8 if (1) the regulation or practice in question furthers one or more of the substantial
9 governmental interests of security, order and rehabilitation, and (2) the limitation on First
10 Amendment freedoms is no greater than necessary to further the particular government
11 interest involved. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overruled on other
12 grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).

13 The Court finds Plaintiff's allegations, when liberally construed, state cognizable
14 claims against Defendants J. Frisk and B. Patton for violation of Plaintiff's First Amendment
15 right to send and receive mail. However, the complaint provides no facts whatsoever linking
16 any other Defendant to Plaintiff's allegations of wrongdoing relating to this claim. Leave to
17 amend will be granted so that Plaintiff may attempt to allege more specifically how other
18 Defendants violated his First Amendment right to send and receive mail, if he can do so in
19 good faith.

20 **2.   First Amendment Retaliation**

21 Plaintiff sets forth numerous First Amendment retaliation claims. Plaintiff relies on
22 the same facts used to support his First Amendment claims based on the right to send and
23 receive mail. The Court understands Plaintiff to be claiming that Defendants interfered with
24 his mail in retaliation for Plaintiff's engaging in protective speech with media outlets and
25 political groups.

26 "Within the prison context, a viable claim of First Amendment retaliation entails five
27 basic elements: (1) An assertion that a state actor took some adverse action against an inmate
28 (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

The Court finds Plaintiff's allegations, when liberally construed, state cognizable retaliation claims. As to the claims, however, the complaint provides no facts whatsoever linking any Defendant to Plaintiff's allegations of retaliation. Leave to amend will be granted so that plaintiff may attempt to allege more specifically how Defendants retaliated against him, if he can do so in good faith.

### 3.     Access to Grievance System

Plaintiff sets forth numerous claims against the CDCR Director, the PBSP Warden, and the various staff members who reviewed and denied the inmate grievances and appeals that Plaintiff submitted to internally challenge the confiscation of his mail. Plaintiff contends that he was denied a meaningful review of his administrative appeals regarding interference with his mail in that, among other things, prison officials did not follow regulations set for appeals and did not find in his favor.

There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California's regulations grant prisoners a purely procedural right: the right to have a prison appeal. See Cal. Code Regs. tit 15, §§ 3084 et seq. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Plaintiff had no federal constitutional right to a properly functioning appeal system. Therefore, an incorrect decision

on an administrative appeal or failure to process the appeal in a particular way did not amount to a violation of his right to due process.

Defendants' responses to Plaintiff's inmate appeals are not wholly irrelevant, however. They may be the basis for liability for an ongoing First Amendment violation. For example, if a defendant only denied an inmate appeal about a problem that already had occurred and been resolved (e.g. confiscation of mail on a past date), there would be no liability for a constitutional violation; however, where the problem is ongoing and the request is made in an inmate appeal to remedy the ongoing problem, liability can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. Cf. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help). Accordingly, liberally construed, the complaint alleges a First Amendment claim against Defendants A. Bond, J.A. Zamora, M. Hodges, K.J. Allen, N. Bramucci, C.E. Ducart, C. Williams, K. Love, R.K. Bell, J. Frisk, and C. Countess premised on their handling of Plaintiff's inmate appeals. The potential liability of these Defendants, who allegedly reviewed and rejected the inmate appeals, is under the First Amendment, and is not under the Fourteenth Amendment's Due Process Clause.

Further, under the First Amendment, prisoners have the right to access the courts and the right to petition the government for a redress of grievances. See Bounds v. Smith, 430 U.S. 817, 821 (1977). The right of meaningful access to the courts extends to established prison grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); accord Hines v. Gomez, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). A claim that the eleven above-named Defendants violated Plaintiff's First Amendment rights would be cognizable, therefore, as an abstract matter. Judicial economy dictates, however, that service of these claims be deferred until such time as Plaintiff files an amended complaint so that all claims may proceed together.

Finally, the complaint does not state a claim against CDCR Director Jeffrey Beard because he is not alleged to have played any role in the denial of Plaintiff's appeals. There is

5

no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under Section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011). If Plaintiff can allege facts to establish supervisorial liability against Defendant Beard, he may do so in his amended complaint.

### 4.  Due Process

Plaintiff claims that certain Defendants violated his due process rights by failing to give Plaintiff sufficient notice of the withheld outgoing mail and by failing to give Plaintiff an opportunity to be heard with respect to the withheld mail.

Interests that are procedurally protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states. Meachum v. Fano, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs). A state may not impose such changes without complying with minimum requirements of procedural due process. Id. at 484.

Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." Id. at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes

6

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

Plaintiff's conclusory allegations are insufficient to state a due process claim. Further, as with the first two claims, the complaint provides no facts whatsoever linking Defendants to Plaintiff's allegations of wrongdoing. Leave to amend will be granted so that Plaintiff may attempt to allege more specifically how Defendants violated his due process rights, if he can do so in good faith.

### 5. Equal Protection

Finally, Plaintiff claims that certain Defendants violated his equal protection rights by prohibiting the delivery of his outgoing mail while allowing delivery of mail for other prisoners.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982). A plaintiff alleging denial of equal protection under section 1983, therefore, must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law. Van Pool v. City and County of San Francisco, 752 F. Supp. 915, 927 (N.D. Cal. 1990) (citations omitted).

When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); Timm v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990) (same). The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. Furnace v.

7

Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013).  The class must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified.  Id. at 1031 (affirming district court's grant of defendants' motion for summary judgment because inmate failed to raise triable issue of fact that he was treated differently than any other inmate whom the officers did not know was entitled to a vegetarian meal).

      Plaintiff's conclusory allegations are insufficient to state an equal protection claim.  Further, as with the first two claims, the complaint provides no facts whatsoever linking Defendants to Plaintiff's allegations of wrongdoing.  Leave to amend will be granted so that Plaintiff may attempt to allege more specifically how Defendants violated his equal protection rights, if he can do so in good faith.

## CONCLUSION

      For the foregoing reasons, the Court hereby orders as follows:

      1.     Plaintiff's complaint is DISMISSED with leave to amend.

      2.     If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 14-5578 MEJ (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff is advised that he must state facts in the amendment about each Defendant's actions that are sufficient to present a plausible claim that each violated his rights.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Wood v. Housewright, 900 F.2d 1332, 1342 (9th Cir. 1990).  **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

      3.     Plaintiff is advised that an amended complaint supersedes the original

complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Plaintiff may not incorporate material from the prior complaint by reference.  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall send Plaintiff a blank civil rights form along with his copy of this order.

IT IS SO ORDERED.

DATED:  April 14, 2015

Maria-Elena James
United States Magistrate Judge