UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DARREN CRAWFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY BEARD, et al.,<br><br>  Defendants. | Case No. 14-cv-05578-MEJ<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 37 |

Plaintiff, a California state prisoner currently incarcerated at Calipatria State Prison and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of civil rights violations at Pelican Bay State Prison ("PBSP"), where he was previously housed. Now pending before the Court is Plaintiff's motion requesting that the Court reconsider its dismissal with prejudice of the fourth, ninth, tenth, and eleventh causes of action of his second amended complaint.[1] For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

**PROCEDURAL BACKGROUND**

Plaintiff initiated this action on December 22, 2014. Docket No. 1. The Court dismissed Plaintiff's initial complaint with leave to amend. Docket No. 3. On August 14, 2015, Plaintiff filed an amended complaint. Docket No. 11. The Court screened this complaint as required by 28 U.S.C. § 1915A(a) and dismissed certain defendants and claims with prejudice, dismissed certain claims and defendants with leave to amend, found certain claims cognizable, and ordered service

---

[1] The Court grants Plaintiff leave to file this motion for reconsideration. However, should Plaintiff file any future motions for reconsideration, he must abide by Local Rule 7-9 of the Civil Local Rules of the Northern District of California and first obtain leave of court. See L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").

1  on certain named defendants. *See generally* Docket No. 15. On March 2, 2016, Plaintiff filed a
2  second amended complaint. Docket No. 29. The Court screened this complaint as required by 28
3  U.S.C. § 1915A(a), and *inter alia* dismissed with prejudice the following claims: the First
4  Amendment claim against Sgt. Hall (fourth cause of action); and the First Amendment claim
5  against Bramucci, Bond, Ducart, Hodges, Allen, and Zamora (ninth, tenth, and eleventh causes of
6  action). Docket No. 36 at 11. The dismissal with prejudice of these claims resulted in the
7  termination of the following defendants from this action: Hall, Bramucci, Bond, Ducart, Hodges,
8  Allen, and Zamora. *Id.*

## DISCUSSION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Liberally construed, Plaintiff's motion argues that the Court committed clear error in dismissing with prejudice the fourth, ninth, tenth, and eleventh causes of action, and in thereby dismissing with prejudice Sgt. Hall, Bramucci, Bond, Ducart, Hodges, Allen, and Zamora.

### I.   Ninth, Tenth, and Eleventh Causes of Action

Plaintiff argues that because the Court previously found that the ninth, tenth, and eleventh causes of action stated a cognizable First Amendment claim, the "law of the case" doctrine requires that the Court allow Plaintiff to proceed on these claims. In Plaintiff's ninth, tenth, and eleventh causes of action, Plaintiff alleges, in both his first amended complaint and his second amended complaint, that Bramucci, Bond, Ducart, Hodges, Allen, and Zamora denied him his First Amendment right to petition the government by failing to provide him a meaningful review of his administrative appeals. Docket No. 11 at 51–61 and Docket No. 29 at 50–55. In screening the first amended complaint, the Court found that these allegations stated a cognizable First Amendment violation. Docket No. 15 at 8. In screening the second amended complaint, the Court instead found that these allegations failed to state a First Amendment violation and dismissed these claims with prejudice. Docket No. 36 at 8.

The Court erred in its order screening the first amended complaint when it found that the

1  allegations against Bramucci, Bond, Ducart, Hodges, Allen, and Zamora stated a cognizable First

2  Amendment claim. Prisoners do not possess a constitutional right to a prison grievance system.[2]

3  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Consequently, a prison official's failure

4  to process grievances is not actionable under Section 1983.  *See Ramirez v. Galaza*, 334 F.3d 850,

5  860 (9th Cir. 2003) (holding that the prisoner's claimed loss of liberty interest in processing of

6  administrative appeals does not violate due process because prisoners lack separate constitutional

7  entitlement to specific prison grievance system).  Further, while a prisoner retains a First

8  Amendment right to petition the government for redress of grievances as to the constitutional

9  claim underlying an administrative grievance, he possesses no constitutional right to a response to

10  his grievance from prison officials.  *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (holding

11  that the prisoner's First Amendment right of access to courts is not compromised by prison's

12  refusal to entertain grievance); *see also Riley v. Roach*, 572 F. App'x 504, 507 (9th Cir. 2014)

13  (holding that district court properly dismissed prisoner-plaintiff's claim that prison appeals

14  coordinators failed to properly process his grievances because inmates do not possess a

15  constitutional right to a prison grievance procedure).

16      The Court did not commit error in dismissing with prejudice Plaintiff's claims that

17  Bramucci, Bond, Ducart, Hodges, Allen, and Zamora denied him his First Amendment right to

18  petition the government by failing to provide him a meaningful review of his administrative

19  appeals (ninth, tenth, and eleventh causes of action).[3]

20  **II.  Fourth Cause of Action**

21      Plaintiff argues that there are reasonable inferences that support his claim against Sgt. Hall

22  (the fourth cause of action), and that the Court therefore erred in dismissing with prejudice both

---

[2] The Ninth Circuit's holding that the First Amendment right to petition the government for a redress of grievances extends to established prison grievance procedures clarifies that, for the purposes of a First Amendment retaliation claim, an inmate is engaged in protected conduct when he accesses an established prison grievance system. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) *overturned on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001)).

[3] The law of the case doctrine is "wholly inapposite" when a district court seeks to reconsider its own order over which it has not been divested of jurisdiction, which is the case here.  *United States v. Smith*, 389 F.3d 944, 949–50 (9th Cir. 2004) (quoting *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 888 (9th Cir. 2001)).

3

the fourth cause of action and Sgt. Hall. In initially dismissing the fourth cause of action and dismissing Sgt. Hall from the first amended complaint, the Court found that Plaintiff's allegations regarding Sgt. Hall's liability were speculative and conclusory, failed to established a custom or policy, and failed to establish how Sgt. Hall had failed to supervise his subordinates. Docket No. 15 at 6–7. Plaintiff's second amended complaint failed to correct these deficiencies for the reasons set forth in the Court's order screening the second amended complaint. Docket No. 35 at 5–6. Plaintiff's allegations in his motion for reconsideration are also speculative and conclusory. The Court did not commit error in dismissing either Plaintiff's fourth cause of action or Sgt. Hall.

## III.   Request to Certify

Plaintiff's request that the Court "certify" the dismissal of the fourth, ninth, tenth, and eleventh causes of action so that he may appeal the dismissal of these causes of action is DENIED. Granting Plaintiff's request would run counter to the interests of sound judicial administration and counter to the historic federal policy against piecemeal appeals. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878, 879 (9th Cir. 2005)

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

This order terminates Docket No. 37.

**IT IS SO ORDERED.**

Dated: July 13, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge