UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DARREN CRAWFORD, | Case No. 14-cv-05578-MEJ |
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST FOR EXTENSION OF TIME** |
| JEFFREY BEARD, et al., | Re: Dkt. No. 53 |
| Defendants. | |

Plaintiff, a California state prisoner currently incarcerated at Calipatria State Prison and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of civil rights violations at Pelican Bay State Prison ("PBSP"), where he was previously housed. On May 17, 2016, the Court screened Plaintiff's second amended complaint and ordered Defendants to file a dispositive motion. Docket No. 36. Currently, Defendants' dispositive motion is due on December 31, 2016. Docket No. 52. Now pending before the Court is Plaintiff's request for a 45-day extension of time to respond Defendants' discovery requests received by Plaintiff on October 11, 2016. Plaintiff's request is DENIED.

The Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about the sufficiency of discovery responses. Here it is unclear if Plaintiff has conferred with Defendants in an attempt to reach a mutually agreeable deadline for responses to Defendants' discovery requests. Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The Court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than

becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  *See* Fed. R. Civ. P. 37(a); N.D. Cal. L.R. 37.  Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

This order terminates Docket No. 53.

**IT IS SO ORDERED.**

Dated: November 9, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge