UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DARREN CRAWFORD,<br>  Plaintiff,<br>v.<br>JEFFREY BEARD, et al.,<br>  Defendants. | Case No. 14-cv-05578-MEJ<br><br>**ORDER DENYING REQUEST TO SERVE SUBPOENA AND GRANTING LEAVE TO FILE SUR-REPLY**<br><br>Re: Dkt. Nos. 62, 63 |

Plaintiff, a California state prisoner currently incarcerated at Calipatria State Prison and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of civil rights violations at Pelican Bay State Prison ("PBSP"), where he was previously housed. Plaintiff has requested that the Court certify and serve a subpoena duces tecum on Warden Clark E. Ducart (Dkt. No. 62) and requested leave to file an objection to Defendants' reply brief in support of their motion to dismiss and for summary judgment (Dkt. No. 63).

Plaintiff's request that the Court certify and serve the proposed subpoena duces tecum on Warden Clark E. Ducart, a non-party to this case, is DENIED. Dkt. No. 62. Before issuing a subpoena, the court must ensure that the party serving it takes "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party." *Scofield v. Ball*, No. 11cv378 WMC, 2013 6061983, at *2 (S.D. Cal. Nov. 15, 2013); *see also Flournoy v. Maness*, No. 2:11-2844 EFB, 2016 WL 6493970, at *1 (E.D. Cal. Nov. 2, 2016) (denying request for subpoena where plaintiff had failed to demonstrate that documents were not obtainable from defendant through discovery). The Court has reviewed Plaintiff's proposed

subpoena to Warden Ducart and many of the requests for productions duplicate the requests for productions or interrogatories already served on Defendants.  For example, RFP No. 4 to Warden Ducart is similar to RFP No. 2 served on all defendants; RFP No. 5 to Warden Ducart is similar to RFP No. 3 served on all defendants; and RFP No. 8 to Warden Ducart is similar to RFP No. 9 served on all defendants.  Accordingly, the Court will DENY Plaintiff's request to have the U.S. Marshal serve the proposed subpoena.  To the extent that Plaintiff has so far been unable to obtain the requested documents from Defendants, the Court agrees with Defendants that Plaintiff should use the meet-and-confer process and, if necessary, motions practice to address his discovery concerns.  If, however, Plaintiff can make a showing that Warden Ducart is in possession of documents that cannot be produced by Defendants, Plaintiff may file a new motion seeking leave to file a subpoena that seeks only those documents which may only be obtained from Warden Ducart.  Plaintiff is reminded that he must designate a reasonable time, place, and manner for production of the requested documents.  Fed. R. Civ. P. 45(a)(1)(iii).

Plaintiff has also requested leave to file an objection to Defendants' reply brief in support of their motion to dismiss and for summary judgment.  Dkt. No. 63.  The Court will construe this motion as a request to file a sur-reply.  In the interests of justice, the Court will GRANT this motion.  The pleading filed at Docket No. 63 will be considered as a sur-reply in opposition to Defendants' motion to dismiss and for summary judgment.

This order terminates Docket Nos. 62 and 63.

**IT IS SO ORDERED.**

Dated: March 9, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge