UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DARREN CRAWFORD,<br>Plaintiff,<br>v.<br>JEFFREY BEARD, et al.,<br>Defendants. | Case No. 14-cv-05578-MEJ<br><br>**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT**<br><br>Re: Dkt. No. 72 |

## INTRODUCTION

Plaintiff, an inmate at Calipatria State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining of civil rights violations at Pelican Bay State Prison ("PBSP"), where he was previously housed. On September 29, 2017, the Court granted Defendants' motion to dismiss and for summary judgment, and entered judgment in favor of Defendants. Dkt. Nos. 70, 71. Plaintiff has filed a motion to amend/correct the judgment, Dkt. No. 72, Defendants have filed an opposition, Dkt. No. 73, and Plaintiff has filed a reply, Dkt. No. 74. For the reasons set forth below, Plaintiff's motion to amend/correct the judgment is DENIED.

## BACKGROUND

The Court dismissed Plaintiff's initial complaint (Dkt. No. 1) with leave to amend. Dkt. No. 3. Plaintiff filed an amended complaint. Dkt. No. 11. The Court screened the amended complaint and, in the screening order, dismissed certain claims with leave to amend and ordered partial service of the complaint with respect to the cognizable claims. Dkt. No. 15. Plaintiff filed a second amended complaint. Dkt. No. 29. The Court screened the second amended complaint, and, in the screening order, dismissed certain claims with prejudice, terminated certain defendants, and dismissed the Doe defendants without prejudice. Dkt. No. 36. The Court found that the

second amended complaint stated cognizable claims against Defendants Burris, Countess, and Frisk with respect to Plaintiff's First Amendment right to send mail (first, second and third causes of action); against Defendants Frisk and Patton with respect to Plaintiff's First Amendment right to receive mail (fifth cause of action); against Burris, Countess, and Frisk for retaliation in violation of the First Amendment (sixth, seventh, and eighth causes of action). Dkt. No. 36.

On December 20, 2016, Defendants filed a motion to dismiss and for summary judgment. Dkt. No. 55. On September 29, 2017, the Court granted Defendants' motion to dismiss and for summary judgment. The Court found that Plaintiff's first, second, and third causes of action relied on conclusory allegations, unwarranted inferences, and speculation to allege that Defendants Burris, Countess, and Frisk caused the violation of his First Amendment right to send mail, and that these allegations were contradicted by attachments to the second amended complaint. Because the sixth, seventh, and eighth causes of action were premised on the first, second, and third causes of action being constitutional violations, the Court also dismissed the sixth, seventh, and eighth causes of actions. Dkt. No. 70 at 1–10. The Court also found that Plaintiff had failed to exhaust administrative remedies for his fifth cause of action. Dkt. No. 70 at 10–15.[1]

## DISCUSSION

### A. Standard

The Court's ruling resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), and Plaintiff has properly brought his motion for reconsideration pursuant to Rule 59(e) (motion to alter or amend judgment).[2] *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking

---

[1] Defendants also argued that Plaintiff's claims for injunctive relief, declaratory relief, punitive damages, and official-capacity damages should be dismissed. Dkt. No. 55. The Court did not address these issues because it found that Plaintiff had failed to state a claim with respect to his first, second, third, sixth, seventh, and eighth causes of actions, and that Plaintiff had failed to exhaust his administrative remedies with respect to his fifth cause of action.

[2] Plaintiff also moves for reconsideration pursuant to Rule 60(b). However, this motion is properly construed as a motion for reconsideration pursuant to Rule 59(e). Rule 59(e) is used for a substantive change of mind by the court while Rule 60(a) should be used when the court has made an error in execution that requires the judgment to be corrected to implement the intended purpose. *Tattersalls, Ltd., v. DeHaven*, 745 F.3d 1294, 1299 (9th Cir. 2014).

some perceived error of the court. *See Twentieth Century – Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

**B.  Motion to Alter/Amend Judgment**

Plaintiff alleges that the Court erred in dismissing the complaint for the following reasons. With respect to the fifth cause of action, the Court incorrectly calculated the submission deadline. With respect to the remaining causes of action, it is premature to dismiss an action while discovery is ongoing; the law of the case doctrine requires the Court to abide by its earlier screening order finding cognizable claims; and Plaintiff has sufficiently pled facts that survive the liberal pleading standard for *pro se* complaints and is at least entitled to dismissal with leave to amend. The Court addresses each argument in turn.

**1.  Fifth Cause of Action**

In Plaintiff's fifth cause of action, he alleged that Defendants Frisk and Patton violated his First Amendment right to receive mail. The Court dismissed this claim for failure to exhaust administrative remedies. Dkt. No. 70 at 10–15. Plaintiff argues that the Court erred in finding that Plaintiff had not exhausted administrative remedies because section 3084.6(a)(3) of the California Code of Regulations, title 15,[3] tolls the 30-day time period within a grievance must be submitted. Dkt. No. 72 at 7–8. The Court did not commit clear error because section 3084.6(a)(3) does not provide for tolling and Plaintiff's arguments are based on a misunderstanding of the

---

[3] All further statutory references in this section are to the California Code of Regulations, title 15, unless otherwise indicated.

3

1 applicable grievance procedures.

2 Plaintiff's fifth cause of action alleged that Defendants Frisk and Patton violated his First Amendment right to send mail when, on January 24, 2014, they confiscated a copy of the San Francisco Bay View / National Black Newspaper that was addressed to him. Dkt. No. 29 at 44; Dkt. No. 55-14 at 19–23. On January 29, 2014, Plaintiff filed a prison grievance, PBSP-D-14-00293, challenging this confiscation. Dkt. No. 55-14 at 15–23. On January 30, 2014, this grievance was cancelled at the second level of review because Plaintiff had exceeded the allowable number of appeals filed within a fourteen-day period, as set forth in section 3084.1(f), which limits inmates to one appeal every fourteen calendar days unless the appeal is accepted as an emergency appeal. 15 Cal. Code Regs. § 3084.1(f). The screening letter informed Plaintiff that, in order to comply with section 3084.1(f), Plaintiff could not submit another appeal until February 11, 2014, because he had last submitted an appeal on January 27, 2014. The screening letter also advised Plaintiff to consider section 3084.6(a) (criteria for rejecting, cancelling, and withdrawing appeals), and section 3084.8(b)) (requiring an inmate to submit an appeal within *inter alia* 30 calendar days of the occurrence of the event being appealed). Dkt. No. 55-14 at 13. Pursuant to section 3084.8(b), Plaintiff had until February 23, 2014, to submit a grievance regarding the January 24, 2014, mail confiscation.

On February 25, 2014, Plaintiff resubmitted grievance PBSP-D-14-00293, but because he had submitted another grievance between the January 30, 2014 rejection and this February 25, 2014 resubmission, grievance PBSP-D-14-00293 was again rejected pursuant to section 3084.1(f) (filing in excess of the allowable number of appeals within a 14-day period). On March 26, 2014, Plaintiff resubmitted grievance PBSP-D-14-00293, which was rejected because it was submitted more than thirty days after the incident grieved, in violation of section 3084.8(b). Dkt. No. 55-14 at 12.

Plaintiff argues that Defendants effectively rendered administrative remedies unavailable to him when they cancelled his March 26, 2014 resubmission of grievance PBSP-D-14-00293, because grievance PBSP-D-14-00293 was properly submitted within the 30-day period set forth in section 3084.6(a)(2). Plaintiff is correct that section 3084.6(a)(2) allows for the acceptance of a

4

previously-rejected grievance if the reason for the rejection is corrected and the appeal is returned within 30 calendar days of the rejection. 15 Cal. Code Regs. § 3084.6(a)(2). Plaintiff is further correct that he corrected the reason for the February 25, 2014 rejection (filing in excess of the allowable number of appeals within a 14-day period) when he resubmitted grievance PBSP-D-14-00293 on March 26, 2014, and that he resubmitted grievance PBSP-D-14-00293 within 30 calendar days of the February 25, 2014 rejection. However, the March 26, 2014 resubmission of grievance PBSP-D-14-00293 only corrected the deficiency noted in the February 25, 2014 rejection (violation of section 3084.1(f)). The March 26, 2014 resubmission of grievance PBSP-D-14-00293 violated a separate filing deadline, namely section 3084.8(b)'s requirement that a grievance be filed within 30 days of the incident being grieved. Plaintiff incorrectly argues that section 3084.6(a)(3) tolls the 30-day deadline set forth in section 3084.8(b). Section 3084.6(a)(3) provides that

> [a]t the discretion of the appeals coordinator or third level Appeals Chief, a cancelled appeal may later be accepted if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review.

15 Cal. Code Regs. § 3084.6(a)(3). Section 3084.6(a)(3) is inapplicable to the rejection of grievance PBSP-D-14-00293. Section 3084.6(a)(3) applies to grievances that were cancelled in error, or grievances where there is new information that indicates that the grievance is eligible for review. Here, grievance PBSP-D-14-00293 was rejected, not cancelled; and the rejection was not error. Finally, Section 3084.6(a)(3) makes no mention of tolling deadlines. The Court did not err in dismissing the fifth cause of action for failure to exhaust administrative remedies.

### 2. Ongoing Discovery

Plaintiff argues that the Court erred in dismissing this action where discovery is ongoing and may yield relevant information, citing to *Jones v. Blanas*, 393 F.3d 918, 930–31. Dkt. No. 72 at 1–2. In *Jones*, the Ninth Circuit reviewed the lower court's denial of a motion seeking postponement of a summary judgment ruling so that the non-moving party sought additional discovery to explore facts to oppose the summary judgment motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. *Jones*, 393 F.3d at 930. "[S]ummary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless"

1   with respect to the proof of a viable claim." *Id.* (citation omitted). *Jones* is inapplicable to this action which is at a preliminary stage and where Plaintiff seeks discovery to ascertain whether his claims are viable. Here, the Court has determined that Plaintiff's claims are not viable. Accordingly, the fact that Plaintiff is engaged in discovery and has ascertained the names of the IGI/ISU officers working during the relevant time period does not warrant reconsideration of the Court's order of dismissal.

### 3. Law of the Case Doctrine

Plaintiff argues that the law of the case doctrine requires the Court to abide by its conclusions in its May 17, 2016 screening order. Dkt. No. 72 at 3. The law of the case doctrine is "wholly inapposite" when a district court seeks to reconsider its own order over which it has not been divested of jurisdiction. *United States v. Smith*, 389 F.3d 944, 949–50 (9th Cir. 2004) (quoting *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 888 (9th Cir. 2001)). Here, in granting Defendants' motion to dismiss and for summary judgment, the Court was reconsidering its own order over which it had not been divested of jurisdiction. Moreover, the § 1915A screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); *accord Wilson v. Cty. Of Contra Costa*, No. 14-CV-04726-JCS, 2015 WL 4880996, at *2 (N.D. Cal. Aug. 14, 2015) ("defendant may challenge under Rule 12(b)(6) the claims of a plaintiff who has been granted in forma pauperis status even if the court has already reviewed those claims under 28 U.S.C. § 1915 and found them to be sufficient").

### 4. Liberal Pleading Standard

Plaintiff argues that the Court committed clear error in dismissing his first, second, third, sixth, seventh, and eighth cause of action because the Court failed to afford his complaint the liberal reading due *pro se* complaints and because the Court ignored circumstantial evidence of the liability of supervisors Frisk and Countess. Plaintiff's first, second, and third causes of action alleged that Defendants Burris, Countess, and Frisk violated his First Amendment right to send mail when they illegally confiscated his mail to Mary Ratcliff which contained articles critical of the CDCR and IGI/ISU, sent on November 24, 2013 (first cause of action), December 5, 2013

1 (second cause of action), and January 2, 2014 (third cause of action). Dkt No. 29 at 38–42.

2 Plaintiff alleges that the confiscations were retaliation for Plaintiff's exercise of his free speech

3 rights (sixth, seventh, and eighth causes of actions). Dkt No. 29 at 44–49. The Court dismissed

4 Plaintiff's first, second, and third causes of action because the second amended complaint relied

5 on conclusory and speculative allegations to allege liability on the part of Defendants Burris,

6 Countess, and Frisk. The Court dismissed with prejudice the seventh, seventh, and eighth causes

7 of actions because they arose out of the first, second, and third causes of action. Dkt. No. 50 at 7–

8 10.

9 Plaintiff argues that the Court committed clear error because the following allegations, construed liberally, are sufficient to state a violation of his First Amendment right to send mail on the part of Defendants Burris, Countess, and Frisk: (1) Plaintiff sent out mail; (2) IGI/ISU officers are the only ones who read and inspect the mail; (3) the PBSP mailroom denied receiving or otherwise handling his mail; (4) the mail was never received by Mary Ratcliff; (5) prison records indicate that other mail was successfully processed by the PBSP mailroom and reached their intended recipient; (6) Defendants Burris, Countess, and Frisk lied in their responses to Plaintiff's Form 22s and administrative grievances; and (7) the only prison staff mentioned in the missing mail were IGI/ISU officers. Dkt. No. 72 at 6–7. In essence, Plaintiff argues that Defendants Burris, Countess, and Frisk must have illegally confiscated the mailings because Plaintiff believes that the correctional officer to whom he handed the mail delivered the mail to IGI; he believes the PBSP mailroom when it denies receiving the mail; and he does not believe IGI when they deny confiscating his mail. However, as the Court noted in its September 29, 2017 Order Granting Motion to Dismiss and for Summary Judgment, Plaintiff's claims rely on conclusory allegations and speculation to allege Defendants Burris, Countess, and Frisk's participation in the alleged constitutional violation. Dkt. No. 70 at 8. Moreover, Plaintiff's claims against Defendants Countess and Frisk are premised on their roles as supervisors, and there is no § 1983 liability under the theory of respondeat superior. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The Court is unpersuaded by Plaintiff's allegation that circumstantial evidence establishes Defendants Countess and Frisk's liability. Plaintiff alleges that Defendants Countess and Frisk lied in

7

response to Form 22 requests and throughout the administrative appeal process. This allegation is unsubstantiated and premised upon circular reasoning and the conclusory allegations set forth in the complaint. Plaintiff's argument is that the IGI illegally confiscated the mailings; therefore any denials of the illegal confiscation are lies and are evidence that the IGI acted unconstitutionally. Plaintiff has failed to demonstrate that the Court committed clear error in dismissing with prejudice the first, second, third, sixth, seventh, and eighth cause of action.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration. This case remains closed.

This order terminates Docket No. 72.

**IT IS SO ORDERED.**

Dated: July 3, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge