UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DARREN CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | Case No. 14-cv-05578-JD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING CASE WITH PREJUDICE** |

On December 22, 2014, plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, and consented to the jurisdiction of a magistrate judge. Docket No. 1. The case was assigned to a magistrate judge who on May 17, 2016, ordered service on several defendants from the second amended complaint but also dismissed several defendants who had not yet appeared in the case and consented to a magistrate judge. Docket No. 15. The served defendants consented to a magistrate judge (Docket No. 28) and the case was closed when defendants' motion to dismiss and motion for summary judgment was granted on September 29, 2017 (Docket No. 69).

On November 9, 2017, the Ninth Circuit held in *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) that all parties including unserved defendants must consent to proceed before a magistrate judge for jurisdiction to vest. *Id*. Plaintiff later appealed the dismissal and closing of his case. The Ninth Circuit vacated and remanded the case, finding that the magistrate judge dismissed claims against defendants Bell, Gongora, Hall, Love and Williams before those defendants had been served and consented. Docket No. 94. The Ninth Circuit vacated only the magistrate judge's May 17, 2016, order of service that dismissed the defendants who had not consented. Docket No. 94 at 2. The Ninth Circuit did not disturb the rulings on the motion to

dismiss or motion for summary judgment. *Id*. The case was then reassigned on a random basis to this District Judge.

The matter was reopened, and the Court treated the magistrate judge's May 17, 2016, order dismissing defendants Bell, Gongora, Hall, Love and Williams as a Report and Recommendation. The parties were provided an opportunity to file written objections to the Report and Recommendation, and both parties submitted filings.

The Court has reviewed the magistrate judge's report recommending that: defendant Hall be dismissed due to plaintiff's speculative and conclusory allegations that Hall failed to properly supervise his subordinates; defendants Williams, Love and Bell be dismissed due to plaintiff's failure to plead specific facts demonstrating that the defendants conspired against him; and that defendant Gongora be dismissed due to plaintiff's failure to specify what constitutional right Gongora violated and how he violated that right. The report noted that plaintiff had been provided an opportunity to cure these deficiencies, but failed to provide sufficient allegations in the second amended complaint.

Plaintiff filed objections (Docket Nos. 101, 104) but did not address the findings in the Report and Recommendation. Instead, plaintiff argued that the motion to dismiss and motion for summary judgment should have also been vacated and that he should be provided an opportunity to file a third amended complaint. Plaintiff was provided an opportunity in his objections to present sufficient allegations regarding these defendants and claims, but in effect declined to do so. There is no good reason to allow a third amended complaint. Plaintiff also stated that more information about these defendants would have been obtained in discovery. But as the Supreme Court determined in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" meet the federal pleading standard, which "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

Plaintiff's objections are overruled, and the Court adopts the report. For the reasons articulated in the Report and Recommendation as well as in this order, defendants Bell, Gongora, Hall, Love and Williams are **DISMISSED** with prejudice from this action. The dismissal is with

1  prejudice because plaintiff was already provided leave to amend and further amendment would be
2  futile.  The Clerk is requested to close this case.
3  **IT IS SO ORDERED.**
4  Dated: January 4, 2021

_____
JAMES DONATO
United States District Judge